UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ECONOMY PRODUCE & VEGETABLE CO, INC.**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**LIMEAID, LLC**<br><br>and<br><br>**SHOSHANA Z. FINEMAN**<br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE |

## COMPLAINT

Plaintiff Economy Produce & Vegetable Co., Inc. ("Plaintiff" or "Economy") brings this civil action against Defendants Limeaid, LLC ("Limeaid") and Shoshana Fineman, individually and in her corporate capacity (all defendants collectively, "All Defendants"), for damages and injunctive relief and alleges as follows:

### I. JURISDICTION

1.　　Federal Question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i) ("PACA"). This Court has ancillary jurisdiction over Plaintiff's state based claims pursuant to 28 U.S.C. §1367(a).

### II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions which are the subject of this action occurred in this district, and in that the Defendants reside in this district.

### III. PARTIES

3. Plaintiff is an Ohio corporation with its principal place of business in Cleveland, Ohio, and is engaged in the business of selling wholesale quantities of perishable agricultural commodities through interstate commerce. Plaintiff is licensed by the United States Department of Agriculture and maintains PACA license number 19820276 in good and active standing.

4. Defendant Limeaid is an Ohio limited liability company, with its principal place of business in East Liverpool, Ohio. At all times relevant, Limeaid held PACA License number 20190127 in good and active standing, acting as a dealer and commission merchant of perishable agricultural commodities in Ohio and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA") and the Code of Federal Regulations promulgated thereunder.

5. Defendant Shoshana Z. Fineman is or was, at all relevant times, a responsible owner, shareholder, officer, partner, and/or director of Defendant Limeaid, and a person in control of, and responsible for, the day to day operations of Limeaid and for the disposition of Defendant Limeaid's assets, including its PACA trust assets, over which she owes statutory fiduciary duties to Plaintiff.

### IV. CLAIMS FOR RELIEF
### COUNT I
### ALL DEFENDANTS
### (Failure to Maintain PACA Trust)

6. Plaintiff incorporates each and every allegation set forth in the preceding

paragraphs as if fully rewritten herein.

7. At Defendants' request, Plaintiff sold perishable agricultural commodities on credit to Defendants in interstate commerce, as set forth on the following table:

| Dates of Transactions | Commodities Sold | Total Amount Sold | Principal [1] Amount Unpaid |
|---|---|---|---|
| 14-Jan-2019 to 29-Jan-2019 | Fresh Fruits and Vegetables | $18,916.50 | $18,916.50 |

(*See*, Statement of Account and Invoices; attached hereto as Exhibit A.)

8. Plaintiff duly delivered the perishable agricultural commodities to Defendants.

9. Defendants received and accepted the perishable agricultural commodities from Plaintiff.

10. Pursuant to the contract payment terms between the parties, Defendants are in default with respect to the principal payment of $18,916.50 outstanding to Plaintiff, plus accruing interest and attorneys' fees.

11. Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendants, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Defendants to Plaintiff.

12. Defendants have failed and refused to pay for the commodities they ordered, received and accepted from Plaintiff, despite due demand.

13. On each of the outstanding invoices sent by Plaintiff to Defendants, Plaintiff, as a

---

[1] Plus accruing contractual interest at 1½% per month (18% per annum) and attorneys' fees.

PACA licensee, included the language prescribed by statute (7 U.S.C. §499e(c)(4)) to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary of the statutory trust. (*See,* Exhibit A attached hereto.)

14. On each of the outstanding invoices sent by Plaintiff to Defendants, Plaintiff placed language notifying Defendants that all unpaid balances are subject to interest charges and attorneys' fees. (*See,* Exhibit A attached hereto.)

15. Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

16. Upon information and belief, Defendants have dissipated and are continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery to Defendant of perishable agricultural commodities.

17. The failure of Defendants to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by them from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities is made, constitutes a violation of PACA and PACA Regulations and is unlawful.

18. As a direct and proximate result of Defendants' failures described above, Plaintiff has suffered damages.

## COUNT II
## ALL DEFENDANTS
### (Dissipation of PACA Trust Assets)

19. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

20. Upon information and belief, proceeds obtained from the resale of the perishable

agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries as required by PACA, were improperly expended by Defendants for other purposes.

21. On the face of each invoice generated by Plaintiff for produce sales to Defendants, Plaintiff, as a PACA licensee, included the language prescribed by statute (7 U.S.C. §499e(c)(4)) as notification of its intent to preserve the benefits of the PACA statutory trust, plus interest and attorneys' fees.

22. Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

23. As a direct and proximate result of the dissipation of PACA trust assets by Defendants, Plaintiff has suffered damages.

## COUNT III
## LIMEAID
**(Unfair Conduct/Failure to Pay Trust Funds) (7 U.S.C. §499b)**

24. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

25. Defendant Limeaid has failed and refused without reasonable cause to pay Plaintiff the principal amount of $18,916.50 from the PACA trust, plus accruing interest and attorneys' fees, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received and accepted by Defendants.

26. The failure of Defendant Limeaid to make said payments to Plaintiff from the statutory trust fund without reasonable cause constitutes Unfair Conduct and is a violation of the PACA (7 U.S.C. §499b), and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT IV
## SHOSHANA Z. FINEMAN
### (Breach of Fiduciary Duty/Non-Dischargeability) [11 U.S.C. §523(a)(4)]

27. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

28. At all times relevant, Defendant Shoshana Z. Fineman managed, controlled and directed the purchase of perishable agricultural commodities on credit from Plaintiff on behalf of Defendant Limeaid.

29. Defendant Shoshana Z. Fineman received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of Plaintiff's outstanding invoices.

30. Defendant Shoshana Z. Fineman, in breach of his fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. §523(a)(4).

31. As a result of the foregoing, Defendant Shoshana Z. Fineman has violated her fiduciary duties as a trustee of the PACA trust in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT V
## LIMEAID
### (Action on Account/Breach of Contract)

32. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

33. Between January 14, 2019, and January 29, 2019, Defendant Limeaid contracted

with Plaintiff to purchase perishable agricultural commodities on credit.  (*See*, Exhibit A.)

34. Plaintiff performed all terms and conditions under the contracts.

35. Pursuant to the payment terms of the contracts, Defendant Limeaid is in default to the Plaintiff on amounts unpaid and outstanding.  Upon information and belief, Defendant Limeaid has ceased all business operations and will therefore be unable to pay Plaintiff.

36. Defendant Limeaid breached its obligations to perform under the contracts by failing and refusing to pay Plaintiff the principal amount of $18,916.50, plus interest and attorneys' fees. As a direct and proximate result of non-payment, Plaintiff has suffered damages.

## COUNT VI
## ALL DEFENDANTS
### (Interest and Attorneys' Fees)

37. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

38. Pursuant to PACA, 7 U.S.C. §499e(c), and the Code of Federal Regulations promulgated thereunder, Defendants Limeaid and Shoshana Z. Fineman were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

39. As a result of the failure of Defendants Limeaid and Shoshana Z. Fineman to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res*.

40. As a result of the failure of Defendants Limeaid and Shoshana Z. Fineman to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

41. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer

the loss of interest on the outstanding amounts owed, all because of violations by Defendants Limeaid and Shoshana Z. Fineman of their statutory duties to maintain the trust and make full payment promptly.

42. In addition to the above allegations, Plaintiff maintains <u>express</u> claims for interest and attorneys' fees based upon the terms on each statement, as between merchants, which were bargained for terms of the contracts and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c), and provisions of federal and/or state law governing contracts.

**WHEREFORE**, Plaintiff Economy Produce & Vegetable Co., Inc. respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Plaintiff and against All Defendants, jointly and severally, in the principal amount of $18,916.50, together with pre- and post-judgment interest, attorneys' fees, and costs of this action;

b. declaring and directing Defendants Limeaid and Shoshana Z. Fineman, jointly and severally, to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's total PACA trust claim of $18,916.50, plus interest and attorneys' fees;

c. enjoining, until the entry of the relief herein requested and compliance therewith, All Defendants, jointly and severally, and their agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust funds, or any interest therein, in whole or in part, absolutely or as security;

d. declaring and directing All Defendants, jointly and severally, to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is

       necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e.     granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

                                      Respectfully submitted,

                                      */s/ Samuel N. Dodoo*
                                      Ryan M. Gembala (#0079431)
                                      Samuel N. Dodoo (#0092968)
                                      O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO., LPA.
                                      5455 Detroit Rd.
                                      Sheffield Village, Ohio 44054
                                      Telephone:   (440) 930-4001
                                      Facsimile:    (440) 934-7205
                                      Email:        rgembala@omdplaw.com
                                                              sdodoo@omdplaw.com
                                      *Counsel for Plaintiff Economy Produce & Vegetable Co., Inc.*